O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MILAN ARMENTA,                           )     CASE NO. CV 07-01033 (RZ)
                                         )
                        Plaintiff,       )
                                         )     MEMORANDUM OPINION
            vs.                          )     AND ORDER
                                         )
MICHAEL J. ASTRUE, Commissioner          )
of Social Security Administration,       )
                                         )
                        Defendant.       )
                                         )

        This matter comes before the Court on the application of Plaintiff to review the adverse decision of the Commissioner of Social Security, denying Plaintiff's application for Supplemental Security Income.  At the time of the decision, Plaintiff was a minor.  The Commissioner's decision is reversed.

        The Administrative Law Judge held a hearing on January 4, 2006.  The transcription of that hearing fills just a little over five pages.  [AR 356-61.]  No testimony was taken during that hearing.  Thus, it is disconcerting to read, in the Administrative Law Judge's decision, that "[t]he child appeared and testified at a hearing held on January 4, 2006 in Orange, CA.  Arnold Ostrow, M.D., a medical expert, and Joseph H. Torres, M.Ed., a vocational expert, also provided testimony at the hearing."  [AR 17.]  None of this happened.  Those persons all were present, but the medical expert had told the Administrative Law Judge in an off-the-record comment that he did not have enough

evidence to give an opinion [AR 356]; the vocational expert and the child did not testify at all; and the only matters placed on the record concerned the difficulty in getting records and determining what was wrong with the Plaintiff, in colloquy between the Administrative Law Judge and Plaintiff's mother.  Thus, a decision was made without a hearing at all.

In this Court, the Commissioner, relegating his argument to a footnote, acknowledges the erroneous statement of the Administrative Law Judge that testimony was taken, but says that the medical expert did in fact submit a report and quotes an Eighth Circuit case, *McGinnis v. Chater*, 74 F.3d 873, 875 (8th Cir. 1996), for the proposition that "an arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where . . . the deficiency probably ha[s] no practical effect on the outcome of the case."  (Defendant's Memorandum in Support of Answer at 4 n.2.) In *McGinnis*, the Administrative Law Judge stated that he found the claimant's testimony regarding her functional restrictions to be essentially credible, but then specifically found that the subjective complaints of pain were not credible, and backed up that finding with specific evidentiary references.  What was at issue there was the imprecision in language, which created ambiguity, and that is what the Eighth Circuit called an "arguable deficiency in opinion-writing."  Here the Administrative Law Judge stated that three people testified when none of them in fact did so.  Misstating what happened and making a decision without taking testimony is no "arguable deficiency in opinion-writing technique."

In fact, much about the decision is disconcerting.  Within the decision appears the following:


**\*\*[PROVIDE RATIONALE EXPLAINING WHY THE CHILD'S IMPAIRMENT(S) FAILS TO MEET OR MEDICALLY EQUAL ANY OF THE LISTINGS, INCLUDING REFERENCES TO EXPERT TESTIMONY, PRIOR MEDICAL OPINION EVIDENCE, ETC.]\*\*.**

1   [AR 19 (bolded text in original).]  It appears as if the Administrative Law Judge simply

2   used a template for denial and then made his decision fit the template.

3             Both the governing statute, 42 U.S.C. § 405(b), and the implementing

4   regulations, 20 C.F.R. § 416.1429, require a hearing.  A hearing requires the taking of

5   testimony, unless the testimony is waived, and generally requires that persons testifying

6   be made available for cross-examination. 20 C.F.R. § 416.1450 (e).  None of this happened.

7   At the time of the hearing, the medical records which had been produced were thin, and

8   Plaintiff's mother described her difficulties in getting them produced.  [AR 357-60.]  The

9   Administrative Law Judge even said that he would subpoena some of them.  [AR 359.]  At

10  the time the hearing concluded, therefore, there was only a written record, and not a

11  sufficient record at that.

12           How surprising to find then, that the Administrative Law Judge's decision not

13  only erroneously states that testimony had been adduced, but also references the later

14  opinion of the medical expert, and says that the medical expert "had observed the claimant

15  at the hearing," as well as having reviewed "the entire body of medical evidence."  [AR

16  21.]  The medical expert's opinion largely consists of checking off boxes on a form, and

17  in the space left for comments there is no reference to any observations of Plaintiff made

18  at the hearing.  [AR 224-31.]  Nor could the medical expert have reviewed the entire body

19  of medical evidence, because he did not *have* the entire body; Plaintiff's mother had

20  described the difficulty in obtaining records, and more than 120 pages of medical records

21  in fact subsequently were submitted to the Appeals Council.  [AR 8.]  It is not even clear

22  from the Administrative Record if, at the time he filled out the form, the medical expert had

23  available to him more records than had been available at the time of the hearing, when he

24  had confided to the Administrative Law Judge that he did not have enough evidence to give

25  an opinion.  [AR 356.]

26           The Administrative Law Judge did notify Plaintiff, after the hearing, that he

27  had determined that it was necessary to obtain evidence from a medical expert, and that he

28  proposed to do this by requesting the expert to review the file and answer written

interrogatories.  [AR 29.]  He enclosed the interrogatories, and gave Plaintiff the option of objecting to them, proposing others, or objecting to his obtaining this information, with a ten-day period to object to this approach, and an opportunity to comment on the responses, submit more evidence, ask the Administrative Law Judge to submit additional interrogatories, or request a supplemental hearing.  [*Id*.]  The Court has not found a response in the Administrative Record from Plaintiff, but the physician's response was incredibly swift.  Ten days from the date of the Administrative Law Judge's letter — the time to object to the procedure — would have been March 18, 2006, a Saturday; presumably, at the earliest, then, the Administrative Law Judge sent out the interrogatories on Monday, March 20, 2006, yet the medical expert signed the interrogatories, and the form, the very next day.  [AR 227, 231.]  This interrogatory-in-lieu-of-testimony procedure might be permissible in some circumstances, *cf. Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *but cf. Solis v. Schweiker*, 719 F.2d 301 (9th Cir. 1983); but here, it built on the other problems — including the fact that many medical records had *not* been produced by that time.  And it placed on Plaintiff, a lay person, the onus of demanding a supplemental hearing when, in fact, there had been no real hearing to start with.  It also appears from Plaintiff's counsel's Memorandum in Support of the Complaint that the medical expert's report and interrogatories in fact may not have been sent to Plaintiff.  (Plaintiff's Memorandum in Support of Complaint 6:5-8.)

In denying Plaintiff's application, the Administrative Law Judge also referred to the opinion of psychologist Delores E. Mack, who stated that Plaintiff was experiencing panic attacks, and who had made diagnoses of generalized anxiety and dysthymic disorder.  [AR 21.]  However, he gave little weight to the psychologist's views, because the psychologist did not provide clinical notes or progress reports and made no assessment of Plaintiff's functioning.  [*Id*.]  These were deficiencies which were "particularly important in this case because the other evidence of record does not contain any allegations of any mental impairment."  [*Id*.]  Yet, when the Appeals Council received such records into evidence [AR 8], it found that "this information does not provide a basis for changing the

Administrative Law Judge's decision" [AR 6], a conclusion which is difficult to understand since the basis of the Administrative Law Judge's decision on this point was that the background documents had not been provided.  The administrative record includes the entire record, including that before the Appeals Council when review is denied, and this Court reviews the entire record. *Ramirez v. Shalala*, 8 F.3d 1449, 1451-53 (9th Cir. 1993). Yet any unfavorable decision must be explained, including "the Commissioner's determination and the reason or reasons upon which it is based."  42 U.S.C. § 405(b). Thus, affirming a rejection of the psychologist's opinion, which had been based on the absence of records, because the new records confirm the decision, is not a valid explanation of the reasons for the decision.  In short, substantial evidence did not support the Commissioner's conclusion here, since no one apparently evaluated the psychologist's opinion in light of the underlying documents.  And it is no answer to these errors to say, as the Commissioner does in this Court, that "any failure [in developing the record and not complying with its own internal procedures] was harmless error given the ALJ's and Appeals Council's findings."  (Defendant's Memorandum in Support of Answer 6:21-22.) The cited case, *Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995), does not stand for that proposition, but merely for the proposition that, in a proper case, an error can in fact be harmless — as, in *Johnson*, where the hypothetical question to the vocational expert was overinclusive.  Error in the findings here cannot be rectified by simply stating that the findings exist, as if fiat can trump mistake.

        As detailed here, the administrative proceedings did not comply with the statute or regulations.  The Court is unsure why this matter went astray.  At the "hearing," the Administrative Law Judge appeared most solicitous of Plaintiff's mother, who was Plaintiff's representative, and the decision itself does not carry any tone of hostility.  It may be that an overworked administrative law judge in an overworked system misread his notes from the hearing or did not accurately recall what had taken place.  Proceedings in this Court, on the other hand, stand on a different footing.  This is precisely the kind of case the Court had in mind when it required, in its initial order, that the parties seek to resolve the

matter informally before the Commissioner submits his memorandum.  That should have been done here, yet the Commissioner's response was to take a poke at Plaintiff's counsel: "The undersigned counsel for Defendant hereby certifies that on March 3, 2008, she participated in good faith, and that counsel for Plaintiff represented to have participated in good faith, in a telephonic settlement conference, pursuant to the Court's Order Regarding Further Proceedings."  (Defendant's Memorandum in Support of Answer at 1 n.1.)  Given the nature of this case, the Court is, to put it charitably, surprised at Defendant's statement.

The decision of the Commissioner is reversed, and the matter is remanded to the Commissioner for further proceedings not inconsistent with this memorandum opinion.

IT IS SO ORDERED.

DATED: March 14, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE